**In re the Marriage of Robin K. SPOONER, Petitioner, Respondent,**

v.

**Bradley J. SPOONER, Appellant.**

**No. C2–87–380.**

Court of Appeals of Minnesota.

Aug. 18, 1987.

John H. McLoone IV, Waseca, for respondent.

Bob A. Goldman, Albert Lea, for appellant.

Heard, considered and decided by WOZNIAK, P.J., and PARKER and NIERENGARTEN, JJ.

## OPINION

WOZNIAK, Judge.

Bradley Spooner appeals from the trial court's denial of his motion for new trial following a dissolution judgment and decree. We affirm.

## FACTS

The parties were divorced by judgment and decree entered December 30, 1986. They have one child, who was three years old at the time of trial.

Bradley works primarily as a self-employed carpenter. He also works part-time

as a postal worker, but both jobs provide only sporadic employment. Based on the nine-month period preceding the dissolution trial, Bradley testified that he averaged gross monthly income of $750. Based on Bradley's bank deposits, a child support officer estimated Bradley's income at $822 per month. The income estimates do not include mileage reimbursement from his part-time postal worker position. Robin earns net monthly pay of $820 as a bank clerk.

The trial court awarded child support of $200 per month. Prior to dissolution, a temporary order required Bradley to pay $150 per month child support. These monthly payments did not cover $180 per month child care expense Robin incurred while working.

Robin testified that the parties' son has had ongoing ear problems and infections for the past two years, incurring a $35 bill for every doctor appointment, with appointments 20 times a year. Although evidence indicated that the infections flared up more during the winter, Bradley never denied or otherwise countered this testimony regarding medical expenses. The trial court noted this $700 yearly expense in determining child support.

The parties had no significant marital assets except the house they purchased on contract for deed. At trial, Bradley estimated the house's value at $22,000. Robin estimated the house's value at $18,000. She testified, however, that she tried to sell the house at $14,000 to recoup the mortgage costs, but was unsuccessful. The trial court valued the house at $15,500, resulting in equity of $1,500.

During the parties' separation, Robin paid the family bills. Bradley did not contribute any money towards these obligations. Robin made payments of about $280 a month on car loans and charge card debts incurred during the marriage. She also paid child care expenses of about $180 per month, mortgage installments of $167 per month, utility bills, and other miscellaneous bills relating to the upkeep of the house. She made total payments of over $5,500 during the separation. To pay marital debts, she has borrowed money from the bank where she worked and from her mother. Although no promissory note evidences the loans from her mother, Robin orally agreed to repay her.

## ISSUES

1. Did the trial court err in its determination of child support?

2. Did the trial court err in its valuation or division of marital property and debt?

## ANALYSIS

1. A trial court has broad discretion with respect to child support, and this court will not reverse the trial court's decision unless clearly erroneous. *Rutten v. Rutten,* 347 N.W.2d 47, 50 (Minn.1984).

Bradley argues the trial court erred in awarding child support in a figure higher than the child support guidelines. It is not clear that the trial court departed from the guidelines. However, this is really not the issue since guidelines *are* only guidelines and the problem here is that Bradley failed to submit evidence of his net income. A party has a duty to supply financial information in a proper fashion to the trial court. Failure to do so justifies adverse inferences. *Solon v. Solon,* 255 N.W.2d 395 (Minn.1977).

The trial court supported its award with adequate findings. It did not abuse its discretion considering the medical expenses of the parties' child, their earnings, and marital debts. *See* Minn.Stat. § 518.551, subd. 5 (can consider the parties' debts in the determination of child support); *LeTendre v. LeTendre,* 388 N.W.2d 412, 416 (Minn.Ct.App.1986) (given the evidentiary difficulty in determining the net income of self-employed persons, trial court may consider the earning capacity and earning history of the noncustodial self-employed party).

2. Minnesota Statutes Section 518.58 requires the court to make a just and equitable division of the marital property. *Johns v. Johns,* 354 N.W.2d 564, 566 (Minn. Ct.App.1984). The trial court has broad discretion in dividing property and debt,

**414**

and its decision will not be overturned by this court except for a clear abuse of discretion. *Reck v. Reck*, 346 N.W.2d 675, 678 (Minn.Ct.App.1984).

■ With regard to the division of the marital property, Bradley disputes the trial court's valuation of the house. Considering the poor marketability of their home, the trial court did not err in valuing the home at $15,500. *See Musielewicz v. Musielewicz*, 400 N.W.2d 100, 102 (Minn.Ct. App.1987) (poor marketability a factor in valuing property).

■ Neither did the trial court err in its division of marital property. It awarded Robin marital property totaling $4,500 ($3,000 in personal property and $1,500 in equity). It awarded Bradley marital property valued at $6,300. The trial court then divided the $1,800 difference in marital property and ordered Bradley to pay Robin $900. This resulted in a mathematically equal division of the marital property.

The trial court also required Bradley to reimburse Robin for half of the debt she incurred for marital obligations during the separation. Bradley never disputed the amount of the marital debt paid by Robin. During the separation, Bradley was employed and able to pay his share of the marital debt. In sum, the trial court did not abuse its discretion in evenly dividing the marital property and the marital debt.

### DECISION

The trial court is affirmed in all respects.