**In re the Marriage of Kevin Howard COMPART, Petitioner, Respondent,**

v.

**Donna Mae COMPART, Appellant.**

**No. C0-87-1222.**

Court of Appeals of Minnesota.

Jan. 5, 1988.

Michael R. Savre, Gavin, Olson, Conkel & Savre, Ltd., Glencoe, for petitioner, respondent.

James H. Schaefer, Hutchinson, for appellant.

Considered and decided by HUSPENI, P.J., and SEDGWICK and LOMMEN *, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant, Donna Mae Compart, moved to increase child support of $180.00 per month awarded to her in a marriage dissolution decree. The trial court found that she failed to show that there had been a substantial change in circumstances which made the terms of the original decree unfair. We reverse and remand with instructions to modify child support consistent with this opinion.

## FACTS

Appellant and respondent, Kevin Howard Compart, were married on February 23, 1980. The couple's two children were born May 14, 1980, and July 22, 1983. The marriage was dissolved on August 5, 1985. Respondent was represented by legal counsel during the dissolution proceeding; appellant appeared pro se. Both respondent and appellant were gainfully employed, and neither was awarded maintenance under the decree. Appellant received custody of the two children subject to respondent's visitation rights which included physical custody of the children during the summer months.

Pursuant to an oral stipulation, the court ordered respondent to pay appellant $180 per month in child support. However, the court exempted respondent from this payment during June, July and August, when

---

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

he would have the children. Appellant had no obligation to make any payments to respondent during the months when he had the children. In accepting the parties' agreement respecting child support, the court did not make any findings regarding either party's income, nor did it make any reference to the child support guidelines set forth in Minn.Stat. § 518.551, subd. 5 (1984).

In an August 28, 1986 motion, appellant sought to increase respondent's monthly support obligation to conform with the guidelines of section 518.551, subd. 5. She alleged that such a modification was necessary because the needs of the children had increased. She alleged also that she was working 40 hours per week at a rate of $8.48 per hour. On September 5, 1986, the court denied appellant's motion stating in an attached memorandum that appellant had not met her burden of proving that there had been a substantial change of circumstances which warranted a modification of the prior order. That order was not appealed.

On April 2, 1987, appellant, in a new motion, attacked the original decree as improper and sought a modification of the decree based on a substantial change of circumstances. She asked that child support be increased to $403 per month. In an accompanying affidavit, appellant alleged that there had been a substantial decrease in her income from $10.49 per hour (at the time of the original decree) to $8.61 per hour. She further alleged that at the time of the dissolution her monthly expenses were $756 but had increased to $1,048 per month at present. Appellant also attached two expense sheets to document this increase in living costs.

In his affidavit filed in opposition to appellant's motion, respondent countered that his monthly income had increased only slightly since the dissolution, that appellant's expenses were no greater than they had been the previous year when she sought a modification, and that the original decree had set child support at the figure it did because he had custody of the children for three months each year.

The trial court denied appellant's April 2, 1987, motion. It found that the original decree was proper because it was entered pursuant to stipulation and appellant had failed to meet her burden of proving that there had been a substantial change in circumstances which warranted a modification. Among the court's findings were the following:

1) That respondent's yearly net income had increased from $16,149 at the time of the divorce to $16,834.

2) That appellant's current income, if any is unknown.

3) That there has not been a substantial change in circumstances since the time of the divorce due to the increase in respondent's earnings.

4) That the affidavits and expense sheets regarding the living expenses of the children are inaccurate.

5) That the court is unable to find that there had been a substantial change in circumstances due to the increased needs of the children.

The court's memorandum did not address the alleged decrease in appellant's income. The court stated that respondent's four percent increase in income was not a "substantial" increase. The court also discounted the expense sheets submitted in support of appellant's motion, stating that they were "severely flawed." The court stated that if the "monthly expense account was accurate, each child would have 24 pairs of shoes, 12 winter coats, 12 spring coats, and 12 christmas dresses each year." The court stated:

[S]ince the evidence submitted on the children's expenses is obviously not accurate, the Court cannot make a determination that there has been a substantial increase in need for * * * the children.

Shortly after the court issued its order, counsel for appellant sent the court a letter explaining that the court's reading of the expense sheets was incorrect and offered an explanation of the calculations in order to correct the misunderstanding. Counsel's letter explains that the court had incorrectly read the yearly expenses for items such as coats, shoes and dresses as

monthly expenses. The letter further explains that the expense sheet for 1987 used the same basis for calculations as the 1985 expense sheet. There is nothing in the record to indicate that the court reconsidered its findings in light of the letter of explanation.

## ISSUE

Did the trial court err in holding that appellant failed to show a substantial change in circumstances warranting a modification of the original decree?

## ANALYSIS

In reviewing a grant or denial of a motion to modify a support decree, our review is limited to looking at whether the trial court abused its discretion in the sense that its order was arbitrary or unreasonable or without evidentiary support. *Smith v. Smith,* 282 Minn. 190, 193, 163 N.W.2d 852, 856 (1968); *Bledsoe v. Bledsoe,* 344 N.W.2d 892, 895 (Minn.Ct.App.1984). We note two areas of concern.

■ The trial court's finding that "the appellant's current income, if any is unknown" is incorrect. Appellant's current income was clearly before the court—a fact conceded by respondent. Appellant submitted an affidavit in which she stated her hourly wage had decreased almost two dollars per hour from the date the original decree was entered. She stated she currently earned $8.61 per hour and that she previously earned $10.49 per hour. Respondent presented no evidence, through affidavit or otherwise, to counter this. In *Streitz v. Streitz,* 363 N.W.2d 135, 138 (Minn.Ct.App.1985), the court stated:

> Since appellant's claim of substantially decreased earnings was not refuted, appellant demonstrated a material change of circumstances which might have entitled him to a reduction in child support *even if* the trial court chose not to believe the evidence of decreased needs on the part of the children.

*Id.* (emphasis in original). Similarly, in this case, appellant's claim of substantially decreased earnings was not refuted. Thus she demonstrated a material change of circumstances which might have entitled her to an *increase* in child support even if the court chose not to believe the evidence of *increased needs* of the children.

Our second concern centers on the trial court's finding it was unable to determine that there had been a substantial change in circumstances due to increased needs of the children. This finding apparently was based on the court's belief that the expense sheets submitted by appellant were seriously flawed. Upon review of the record, we are convinced the expense sheets were not flawed.

Appellant's 1987 expense list reads, in part:

| Amber's Clothing | | | $ per month |
|---|---|---|---|
| 1 pair pants | | | 20.00 |
| 1 shirt | | | 15.00 |
| 1 pair tennis shoes | $20.00 | | |
| 2 pair dress shoes | 30.00 | | |
| winter coat | 30.00 | misc. | 10.00 |
| spring coat | 15.00 | | |
| Christmas dress | 20.00 | | |
| socks and panties | | | 5.00 |
| | | | $50.00 for Amber |

The trial court interpreted certain of these items as monthly expenses. However, clearly they should have been read as yearly expenses. The monthly expenses are listed separately under the column labeled "$ per month." It is clear the figures on the left side (i.e. $20.00, $30.00, etc.) should be read as yearly totals for tennis shoes, dress shoes, etc. The item listed as misc. 10.00 was arrived at by adding the figures on the left together and then dividing the total by twelve to get an average monthly figure. In addition, appellant's total expenses of $1,052.00 per month are based on the monthly average of the yearly costs. Respondent *did not* refute these numbers directly. Thus the only evidence before the court indicates that the children's needs have, indeed, increased since the time the original decree was entered.

We believe that had the evidence before the trial court been appropriately assessed, the trial court would have reached the inevitable conclusion that there has been a substantial change in circumstances since the original decree was entered. We, too, conclude that as a matter of law, appellant has

demonstrated a substantial change in circumstances warranting a modification of the original decree.

■ In concluding that there has been a substantial change in circumstances which makes the terms of the original support order unreasonable and unfair, we express an additional concern as to whether child support in the original decree might itself have been unreasonable and unfair. While we recognize that support was stipulated, and while we agree with respondent that the trial court lacked authority to reopen the decree pursuant to Minn.R.Civ.P. 60.02, we recognize also that in the dissolution action respondent was represented by counsel, but appellant was not, nor, of course, were the children themselves. Case law too voluminous to cite stresses the importance of protecting the best interests of minor children and of minimizing for them the adverse consequences of their parents' marriage dissolution. Further, unfortunately at times parents' self interest may be at odds with their children's best interests.

■ Child support was established at $180.00 per month in the decree. If the child support guidelines of section 518.551, subd. 5 had been applied at that time, the children would have been entitled to support of approximately $400.00 per month based on respondent's net income of $16,-149.00 per year. In ruling on the current motion to modify, the court stated:

> [Appellant] further argues that [respondent] is paying an amount below the recommended guidelines amount and that there was not 'an express finding of fact as to the reason for the lower order.' However, she fails to point out that the amount [respondent] is paying for child support is the amount stipulated to by the parties in the original divorce decree. A stipulation incorporated in a divorce decree to fix the financial rights and obligations is important in that it represents the parties' voluntary acquiescence in an equitable settlement. The court is not required to make findings to substantiate that to which the parties themselves agree.

However, the trial court must not blindly accept and approve a stipulation between the parties in regard to support of their children. Child support relates to nonbargainable interests of children and is less subject to restraint by stipulation than are other dissolution matters. *See Maxson v. Derence*, 384 N.W.2d 583, 585 (Minn.Ct.App.1986). Therefore, the acceptance of a stipulation which set child support at less than one-half the amount called for in the guidelines was of questionable consistency with the court's obligation to protect the interests of the minor children. In addition, the lack of findings in the original decree does nothing to relieve our concern regarding the adequacy of child support from August 5, 1985, to present.

The judge who denied appellant's April 2, 1987, motion was the same judge who approved the parties' stipulation and incorporated it into the August 5, 1985, decree. Under the particular facts of this case, we believe the trial court should have considered the inequities of the original child support order when it considered how much "change" would be required to be considered a "substantial" change. In view of the fact that appellant has attempted to meet the needs of the parties' children for over two years on less than one-half the recommended guidelines support, we believe that almost any change in circumstances would have been substantial.

■ Nor are we persuaded by the fact that appellant is not required to pay any support to respondent during the summer months when the minor children are with him. Of greater importance, we believe, is that respondent is totally relieved of any support obligation to appellant during those months. Indeed, many of appellant's expenses of running the children's primary home continue unabated even though support is totally suspended.

We remand to the trial court the issue of an appropriate level of child support, and direct that the trial court take into consideration all appropriate factors set forth in

Minn.Stat. § 518.551 as well as the concerns set forth in this opinion.

 Finally, respondent argues that appellant's motion to modify is based on substantially similar facts as the motion made in 1986. However, a change of circumstances is to be measured from the last modification or entry of the original decree and not the time of the last motion to modify. *Blomgren v. Blomgren*, 386 N.W.2d 378 (Minn.Ct.App.1986). Had appellant appealed the 1986 denial of her motion, it is very possible this court would have made many of the same observations it has made herein.

### DECISION

The order of the trial court denying appellant's motion to modify the original decree was error. As a matter of law, appellant demonstrated a change in circumstances which warrants a modification of the original decree. Therefore, we remand to the district court with an order to enter an appropriate support order consistent with this opinion.

Reversed and remanded.