In re the Marriage of Kim Marie
MURRAY, Petitioner,
Respondent,

v.

James J. MURRAY, Appellant.

No. C3–87–2140.

Court of Appeals of Minnesota.

July 5, 1988.

**316**

Timothy R. Faver, Keyes and Faver, Bemidji, for petitioner, respondent.

Neal R. Scharmer, McRae & McRae, P.A., Bemidji, for appellant.

Heard, considered and decided by PARKER, P.J., and NORTON and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Respondent moved the trial court for an upward adjustment of appellant's child support obligations. The trial court granted the motion and denied appellant's subsequent motion to terminate maintenance. We affirm.

## FACTS

The parties' marriage was dissolved in 1983 per stipulations approved by the court. The parties have two children. Appellant James Murray paid respondent Kim Murray $100 a month in maintenance and $250 per month in child support. At that time, Minnesota's child support guidelines, Minn.Stat. § 518.551 (1983), provided for over $500 per month child support payments. In addition to the stipulated payments, respondent received approximately $32,000 in cash and property. Appellant was granted weeknight, weekend, and six weeks in the summer visitation.

Appellant's gross income on his 1983 federal income tax return was $31,391. His income increased to $32,374 in 1986. The trial court noted appellant owns a home, two unencumbered vehicles, and has substantial savings and investments.

Respondent has always earned well under $10,000 per year. At the time of the dissolution, respondent worked in a drug store earning approximately minimum wage. At one point, respondent moved to Alaska in search of better wages, but eventually went on public assistance. Respondent returned to Minnesota and went on AFDC.

In December 1986, respondent moved the court for a modification of child support. On March 25, 1987, the trial court granted this motion, awarding respondent $592 per month in child support payments. Shortly thereafter, respondent went off public assistance, accepting a position at a drug store which paid approximately $4.00 per hour.

On April 23, 1987, appellant moved for a new trial, amended findings, and termination of maintenance, which the trial court denied.

## ISSUES

1. Was there sufficient evidence to support the trial court's upward modification of appellant's child support obligations?

2. Is the replacement of AFDC payments with a job paying $4.00 per hour a substantial change justifying modification of child support obligations?

3. Did the trial court abuse its discretion in refusing to terminate appellant's maintenance obligations?

## ANALYSIS

1. The trial court has broad discretion in determining child support and spousal maintenance. Where the trial court's determination has a reasonable basis in fact, it must be affirmed. *Kirby v. Kirby*, 348 N.W.2d 392, 394 (Minn.Ct.App. 1984) (citing *DuBois v. DuBois*, 335 N.W. 2d 503, 507 (Minn.1983)).

Modification of child support is governed by Minn.Stat. § 518.64, subd. 2. A decree setting child support may be modified where the movant shows one or more of the following:

1. Substantially increased or decreased earnings of a party;

2. Substantially increased or decreased needs of a party;

3. Receipt of [public assistance]; or

4. A change in the cost of living for either party.

Minn.Stat. § 518.64, subd. 2 (1987). An additional requirement is that as a result of any of these changes, the original child support terms are unreasonable and unfair. *Derence v. Derence*, 363 N.W.2d 86, 88 (Minn.Ct.App.1985).

The parties stipulated to child support payments of $250 per month in 1983. Appellant's income was $31,391 in 1983 and $32,374 in 1986. Since the dissolution, respondent has exhausted virtually all marital assets awarded her in the dissolution. Respondent receives AFDC, lives in subsidized housing and does not own a car. The trial court in its findings notes correctly the 1983 child support stipulation requires appellant to pay less than Minnesota's child support guidelines. *See* Minn.Stat. § 518.551 (1983).

As to whether the original award was unfair, we addressed this problem in *Compart v. Compart*, 417 N.W.2d 658 (Minn. Ct.App.1988). In *Compart*, where stipulated child support payments were over 50% less than the recommended statutory guidelines, we stated:

> Under the particular facts of this case, we believe the trial court should have considered the inequities of the original child support order when it considered how much "change" would be required to be considered a "substantial" change. In view of the fact that appellant has attempted to meet the needs of the parties' children for two years on less than one-half the recommended guidelines support, we believe that almost any change in circumstances would have been substantial.

*Compart* at 662.

We note appellant's increased income and the fact the parties' stipulated child support was well below the statutory guidelines. Further, respondent was forced to exhaust her property settlement to provide for her children. In addition, child support stipulations are to be given less weight than other stipulations. *Hoppenrath v. Cullen*, 383 N.W.2d 394, 396 (Minn.Ct.App.1986). In light of these factors the trial court was justified in modifying appellant's child support obligations.

■ 2. Appellant argues he is entitled to a reversion to the original award amount since respondent secured employment and went off AFDC shortly after the order of child support modification. This argument is without merit. Substitution of AFDC payments for a job paying $4.00 per hour is not a substantial change under Minn.Stat. § 518.64, subd. 2, justifying a downward modification of child support payments.

Appellant's argument that respondent initially qualified for AFDC because she depleted her substantial property settlement is also unpersuasive. The fact that respondent was forced to exhaust her property settlement doesn't disqualify her from maintenance or increased child support.

■ Appellant also argues his child support obligations should reflect the number of days he has custody of the children. When parents share custody or when the noncustodial parent has physical custody for a substantial period of time, the trial court has the discretion to structure child support obligations to fairly reflect the parties' needs and financial circumstances. *Wolter v. Wolter*, 382 N.W.2d 896, 900 (Minn.Ct.App.1986). The trial court noted although appellant occasionally had custody of the children, respondent's expenses such as rent, utilities, etc., were fixed. The trial court was justified in this finding.

■ 3. In establishing maintenance obligations, the trial court has broad discretion. *Kirby*, 348 N.W.2d at 394. In modifying maintenance obligations, the trial court should exercise this discretion cautiously. *Halvorson v. Halvorson*, 402 N.W.2d 168, 171 (Minn.Ct.App.1987).

■ Modifications of maintenance obligations are also controlled by Minn.Stat. § 518.64. The factors the trial court considered supporting a change in child support obligations also support the status quo in appellant's maintenance obligations.

Furthermore, maintenance obligations as set by stipulation are more subject to restraint from modification than child support stipulations. *See Kaiser v. Kaiser,* 290 Minn. 173, 179–80, 186 N.W.2d 678, 683 (1971).

4. One final matter. In light of the disparity between the income of the parties, we award respondent $400 in fees on appeal pursuant to Minn.Stat. § 518.14 (1987).

## DECISION
Affirmed.