*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-1111**

Hennepin County, petitioner,
Respondent,

Hawa H. Ibrhim, petitioner,
Respondent,

vs.

Hussein Y. Dawid,
Appellant.

**Filed February 27, 2017
Affirmed
Hooten, Judge**

Hennepin County District Court
File No. 27-FA-09-5573

Michael O. Freeman, Hennepin County Attorney, Rachelle R. Drakeford, Assistant County Attorney, Minneapolis, Minnesota (for respondent county)

Hussein Y. Dawid, Minneapolis, Minnesota (pro se appellant)

Considered and decided by Hooten, Presiding Judge; Schellhas, Judge; and Smith, Tracy M., Judge.

**U N P U B L I S H E D   O P I N I O N**

**HOOTEN**, Judge

Appellant father appeals from a child support magistrate's (CSM) order denying his motion to modify his basic child support obligation and directing him to continue paying

$1,230 per month in basic child support. He claims that his gross monthly income is significantly less than what the CSM calculated and he therefore does not have the ability to pay his basic child support obligation. Appellant father also argues that the CSM did not adequately account for his reasonable expenses or respondent mother's income in making the decision. We affirm.

**FACTS**

Appellant Hussein Y. Dawid and respondent Hawa H. Ibrhim are the parents of four children, one of whom has special needs. In 2008, the district court adjudicated Dawid as the father of the eldest two children and ordered him to pay basic child support in the amount of $600 per month. After the third child was born in 2009, the district court increased his obligation to $730. The fourth child was born in either 2012 or 2014. All four children currently reside with Ibrhim. Dawid exercises minimal, if any, parenting time with the children.

In December 2014, Hennepin County (the county) moved to establish child support to account for the fourth child. The district court directed Dawid to provide verification of his employment status and income. Because Dawid did not provide the requested documentation at the May 2015 hearing, the CSM made adverse inferences regarding his efforts to find full-time employment and calculated his income based on his prior employment at St. Jude Medical, where he had worked full-time for eight years and earned approximately $15.01 an hour. Dawid lost this employment due to excessive absences, and after his employment ended, he took a trip to Ethiopia.

2

Based upon this prior work history, the CSM determined that Dawid had the ability to earn $2,600 per month. The CSM also found that Ibrhim does not have any income and, because she stays at home to care for the four children, is not voluntarily unemployed. Ibrhim receives public assistance in the form of medical assistance for the children and social security income for the special needs child. Based on the child support guidelines, the CSM ordered Dawid to pay Ibrhim $1,230 per month in basic child support.

Dawid filed a motion to modify his support obligation, claiming work limitations due to a prior injury. In September 2015, the CSM denied his motion on the basis that Dawid did not demonstrate a substantial change in his circumstances. Dawid moved for the district court to review the CSM's September 2015 order. The district court dismissed the motion for failure to file a timely affidavit of service, and Dawid appealed to this court. This court dismissed this first appeal.

After his first appeal was dismissed, Dawid filed a second motion to modify his child support obligation. He alleged that he was currently employed with two jobs (as a laundry attendant at Giant Wash and as a self-employed Uber driver), but that his income had substantially decreased. At the hearing, Dawid provided part of his 2015 tax return, a paystub from his employment at Giant Wash, and bank statements showing deposits from his work as an Uber driver. Based on the paystub and bank statements, the CSM found that Dawid earned an average of $585 a month from Giant Wash and $732 a month from Uber for a total of $1,317 in gross monthly income. The CSM also found that Dawid worked significantly less than 40 hours per week and had apparently failed to disclose a third source of income.

Because Dawid did not demonstrate any job search efforts to find employment equal to his prior earning history and failed to show a reduction in his earning ability, the CSM determined that he is able to earn $2,600 in gross monthly income. The CSM denied Dawid's motion for modification of his child support, concluding that he did not show a substantial change in circumstances to justify modification, and ordered that his basic child support obligation of $1,230 per month remain in effect. Dawid directly appealed to this court.

## D E C I S I O N

Dawid contends that the CSM erred by denying his modification motion because she erroneously calculated his gross income and failed to consider both his expenses and Ibrhim's self-employed business income.[1] The Minnesota Rules of General Practice set forth the procedures governing proceedings conducted under the expedited child support process. Minn. R. Gen. Pract. 351–379. A CSM is an individual who may be appointed to preside over matters in the expedited process and has the authority to establish, modify, and enforce child support if the case is what is called a IV-D case. *Brazinsky v. Brazinsky*, 610 N.W.2d 707, 710 (Minn. App. 2000); Minn. R. Gen. Pract. 352.01(c). A case is a IV-D case if "a party has assigned to the state rights to child support because of the receipt of

---

[1] Because Dawid fails to provide any information regarding his monthly expenses and does not offer any evidence to show that Ibrhim is running a business, we conclude that these particular arguments are not properly before this court. *See State, Dep't of Labor & Indus. v. Wintz Parcel Drivers, Inc.*, 558 N.W.2d 480, 480 (Minn. 1997) (stating that appellate courts decline to reach issue in absence of adequate briefing).

4

public assistance." Minn. Stat. § 518A.26, subd. 10 (2016). With Ibrhim receiving public assistance in this case, this case is a IV-D case and the CSM has jurisdiction to decide it.

After the CSM denied the second modification motion, Dawid appealed directly to this court. A party may appeal from a CSM's order without first seeking the district court's review. Minn. R. Gen. Pract. 378.01. Because Dawid did not file a motion for review prior to appealing, the *scope* of our review of the CSM's decision is limited to whether the evidence supports the factual findings and whether the findings support the conclusions of law. *Davis v. Davis*, 631 N.W.2d 822, 825 (Minn. App. 2001). But we nevertheless apply the same *standard* of review as we apply to an appeal from a district court's child support decision. *See Brazinsky*, 610 N.W.2d at 710 ("The authority of a child support magistrate with respect to establishing, modifying, and enforcing child support in the expedited child support process is comparable to the authority of a district court judge . . . ."). A district court's decision regarding the modification of child support is afforded broad discretion. *Gully v. Gully*, 599 N.W.2d 814, 820 (Minn. 1999). Therefore, we will reverse a modification order only if the district court abuses its discretion by resolving the question in a manner that goes against logic and the facts on record. *Frank-Bretwisch v. Ryan*, 741 N.W.2d 910, 914 (Minn. App. 2007); *see Gully*, 599 N.W.2d at 820 (addressing standard of review in child support matters).

Minn. Stat. § 518A.39, subd. 2(a)(1) (2016), establishes that a child support order may be modified if the order's terms are unreasonable and unfair and the gross income of either the obligor or obligee has substantially increased or decreased. The party seeking the modification has the burden of showing that there has been a substantial change in

circumstances and that the change renders the support order to be unreasonable and unfair. *See Jones v. Jarvinen*, 814 N.W.2d 45, 48 (Minn. App. 2012).

An essential part of the moving party's burden is to provide sufficient evidence of his current circumstances. *Johnson v. Fritz*, 406 N.W.2d 614, 616 (Minn. App. 1987). For instance, "[a] party has a duty to supply financial information in a proper fashion to the [district] court. Failure to do so justifies adverse inferences." *Spooner v. Spooner*, 410 N.W.2d 412, 413 (Minn. App. 1987). Dawid claims that he brought sufficient proof of his current income to the hearing. During the hearing, Dawid presented some evidence of income, including a partial 2015 tax return, one two-week paystub from his job at Giant Wash, and bank statements indicating deposits from his work as an Uber driver.[2] But, Dawid failed to provide consistent testimony regarding his Uber income and work hours. He first testified that he earns an average of $680 per month from his Uber employment but later testified that he works approximately 40 hours per week as an Uber driver earning an average of $800 per month. Dawid also testified that he works about 30 hours every two weeks at Giant Wash earning $9 per hour.

The CSM found, based on his paystub and bank statements, that Dawid earns $1,317 in gross monthly income between the two jobs but also that he works significantly less than 40 hours per week. Due to Dawid's failure to submit adequate financial documentation and his inconsistent testimony, Dawid did not provide sufficient proof of his current

---

[2] Dawid has a separate bank account for his Giant Wash income. When asked why he did not provide bank statements from this second account, his response implies that he did not think they were necessary.

circumstances.  Therefore, we conclude that the CSM did not clearly err by finding that Dawid is voluntarily underemployed or working less than full-time.  *See Welsh v. Welsh*, 775 N.W.2d 364, 370 (Minn. App. 2009).

Moreover, we conclude that the CSM did not abuse her discretion in imputing income to Dawid.  *See Butt v. Schmidt*, 747 N.W.2d 566, 577 (Minn. 2008).  Each parent's gross income provides the starting point for calculating child support.  *Haefele v. Haefele*, 837 N.W.2d 703, 708 (Minn. 2013).  If a parent is voluntarily unemployed, underemployed, or employed on a less than full-time basis, the parent's child support must be calculated based on his or her potential income.  Minn. Stat. § 518A.32, subd. 1 (2016).  One method used for ascertaining potential income is determining the parent's probable earnings level based on employment potential and recent work history.  Minn. Stat. § 518A.32, subd. 2(1) (2016).  Here, the record reflects that Dawid worked at St. Jude Medical for eight years, earning $15 an hour on a full-time basis.

The county argues that Dawid fails to demonstrate why potential income should not be imputed to him.  We agree.  Dawid claims that he found a job within his work limitations but he did not bring any medical documentation, such as a doctor's statement, describing these limitations to the hearing.  Indeed, he testified that his last visit to his doctor was approximately six months prior to the hearing.  Dawid also testified that he is going to school to earn his GED but did not provide any evidence indicating that his schooling limited his ability to find full-time employment.  As the CSM found, there is no evidence of Dawid's efforts to obtain full-time employment.  And, based on Ibrhim's

testimony, the CSM also found that Dawid failed to disclose a third source of income.[3] For these reasons, we conclude that the CSM did not abuse her discretion by looking to Dawid's recent work history, specifically his full-time position at St. Jude Medical, and determining that he has the ability to earn $2,600 in gross monthly income.

Because the CSM properly calculated his potential gross monthly income to be $2,600, the same amount as established in the current child support order, Dawid has failed to meet his burden that there has been a substantial change in circumstances warranting a modification of his child support obligation due to a decrease in his income. *See* Minn. Stat. § 518A.39, subd. 2 (b)(1) (2016) (stating that substantial changes are presumed and current support order is rebuttably presumed to be unreasonable and unfair if current circumstances render support calculation that is at least 20 percent and $75 higher or lower than current support order).

**Affirmed.**

---

[3] The CSM found that Ibrhim credibly testified that she observed Dawid driving a truck and unloading a delivery to a store. We defer to the CSM's credibility determinations. *See Vangsness v. Vangsness*, 607 N.W.2d 468, 472 (Minn. App. 2010).